WOODWORK *v.* WOODWORK.

1. Divorce—Cross-Bill—Evidence—Sufficiency.

On appeal by defendant wife from a decree granting plaintiff husband a divorce, the finding of the court below that plaintiff was entitled to a divorce, and that the allegations in defendant's cross-bill were not sustained by the testimony offered by her, *held*, justified by the record.

2. Same—Alimony—Sufficiency.

The decree awarding plaintiff $1,400 as permanent alimony is affirmed, but modified as to time of payment; the total balance unpaid to be paid within 90 days of date of decree in this court.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 6, 1921. (Docket No. 70.) Decided March 30, 1921.

Bill by Fred Woodwork against May Woodwork for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Frank I. Blake,* for plaintiff.

*John M. Dunham,* for defendant.

WIEST, J. The parties to this cause were married in 1899 and lived together as husband and wife until 1919. September 3, 1919, the husband filed the bill of complaint herein for divorce on the grounds of extreme cruelty. Defendant answered and by cross-bill asked for a divorce on the grounds of the extreme cruelty of plaintiff and prayed for alimony. No children were born of the marriage. The case was heard in open court and a decree of divorce granted plaintiff, and defendant was awarded $1,400 as permanent alimony.

From the decree so entered defendant has appealed, claiming the decree should have been granted on her cross-bill, and that the alimony is wholly inadequate considering the property owned by plaintiff and his ability to earn money. After a careful perusal of the record we are of the opinion that the court below was right in granting the divorce upon the charges made in plaintiff's bill, and that the evidence offered by defendant in support of her cross-bill is not very persuasive, and that, as found by the learned circuit judge:

"The charges made by the defendant against said plaintiff are not true, and are not sustained by the testimony offered by said defendant."

The parties hold by the entireties a 40-acre farm

worth about $5,000, subject, however, to an incumbrance of $2,900, drawing interest at the rate of 7 per cent., and plaintiff owns another parcel of sandy, unimproved land worth about $1,000, and an interest in a land contract which it is estimated will be of the value of $685 some years hence if the contract and obligation ahead of it on the same property are taken care of.

Considering the receipts of money by the plaintiff after separation, and the payment of obligations by him, and having in mind the personal property on hand and the indebtedness he must meet, including interest and taxes, besides paying the defendant the amount awarded, we are of the opinion that the amount granted defendant as permanent alimony ought not to be disturbed, except in regard to the time of its payment. We think the amount awarded should be paid in one sum so the defendant can avail herself of its use, and the decree of the court below will be modified so as to provide that plaintiff pay the $1,400 permanent alimony, or so much thereof as now remains unpaid, within 90 days from the date of the decree in this court. In all other respects the decree below is affirmed, and appellant having been allowed the sum of $200 for expenses and attorney fee by this court on July 20, 1920, no further costs are allowed.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.